IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Quinton L. Brisbane, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:05-1702-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lieber Corr. Inst. Subordinate Prison | ) | |
| Guards; Travis Guess; Kelvin Myers; | ) | |
| Officer Jones; Officer D. Williams; | ) | |
| Officer Lt. Miller; Officer Cpt. Whitten, | ) | |
| within their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Quinton L. Brisbane ("Brisbane"), proceeding pro se, filed an action under 42 U.S.C.A. § 1983 (West 2003) for alleged violations of his constitutional rights while incarcerated at Lieber Correctional Institution ("LCI"), a South Carolina Department of Corrections ("SCDC") facility.  The Magistrate Judge concluded that Brisbane failed to exhaust his administrative remedies before bringing this suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e(a) (West 2003), and recommends that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

the court dismiss Brisbane's action without prejudice and without issuance and service of process. Brisbane filed objections.

## I. FACTUAL HISTORY

In his complaint, Brisbane alleges three incidents of retaliatory excessive force and other misconduct occurring on April 14, 2005, May 13, 2005, and May 17-18, 2005. As to the April 14, 2005 incident, the Magistrate Judge found that Brisbane filed a Step 1 grievance on April 24, 2005. This grievance was returned unprocessed to Brisbane on May 15, 2005, for noncompliance with SCDC rules (i.e., Brisbane's grievance was not brief). Because there is nothing in Brisbane's complaint or answers to the special interrogatories showing that he attempted to re-file the grievance in compliance with SCDC rules, the Magistrate Judge found that Brisbane failed to exhaust his administrative remedies with respect to the April 14, 2005 incident.

Regarding the alleged problems he experienced on May 13 and May 17-18, 2005, Brisbane contacted the Warden on May 14 and 20, 2005, through two "Request to Staff Member" forms. The Magistrate Judge noted, however, that these forms may not be used by a SCDC inmate to exhaust administrative remedies. Finally, the Magistrate Judge considered that Brisbane filed one other Step 1 grievance on or about May 19, 2005. Assuming without deciding the grievance was properly filed and included claims about all three incidents, the time for the Warden's response would not have expired until forty (40) days later, June 28, 2005, eighteen days after Brisbane filed this case. The Magistrate Judge, therefore, concluded that Brisbane failed to exhaust his administrative remedies and recommended that Brisbane's complaint be dismissed without prejudice and without issuance and service or process.

## II. DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Brisbane only disputes the Magistrate Judge's first conclusion with respect to the Step 1 grievance filed on April 24, 2005. Brisbane argues that the return of his Step 1 grievance "renders administrative remedies procedures unavailable for further process and thus ends the complaint and option to pursue grievance procedures." (Objections at 2.) Brisbane asserts that "there is nothing that specifically stipulates any form of limitation as to how many pages [in a grievance] are acceptable" and that "there is no policy . . . that allows any form of refiling of a grievance . . . that has been rendered unprocessed." (Id. at 2-3.)

Brisbane's objections fail to demonstrate that he exhausted his administrative remedies as required under the PLRA. SCDC policy plainly states that a Step 1 grievance shall include "a brief statement of the circumstances of the grievance . . . and a brief statement of the action(s) requested for which relief may be available." (SCDC Policy/Procedure GA-01.12, Inmate Grievance System § 13.1 (Nov. 1, 2004) (emphasis added).) Even without providing any specific page limitation, Brisbane's grievance filed on April 24, 2005, which attached several handwritten pages to the grievance form, violates SCDC policy. On his Step 1

3

grievance, the SCDC employee in charge of filing grievances informed Brisbane that "4 additional pages are more than what is considered brief (grievance + 1 additional page)." (Ex. Ans. Special Interrogatories.)  Despite Brisbane's contentions to the contrary, moreover, the return of this grievance did not render his administrative remedies unavailable.  There is no policy prohibiting Brisbane from filing another grievance in the proper form.  For the reasons provided above and those contained in the Report, Brisbane's objections are without merit, and, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.[2]

Therefore, it is

**ORDERED** that Brisbane's § 1983 action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 22, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Brisbane had an opportunity to respond to the Magistrate Judge's sua sponte assertion that Brisbane failed to exhaust his administrative remedies, and it is apparent from the complaint, special interrogatories, and Brisbane's objections that Brisbane failed to exhaust his available administrative remedies.  Therefore, the court's dismissal of this action complies with the Fourth Circuit's recent holding in Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 682 (4th Cir. 2005).